JOHN KRISS, Appellant, v. MARY KRISS, Individually and as Administratrix, etc., of ANDREW KRISS, Respondent, and Others, Defendants.— Order denying motion to strike out the defense upon the ground that it is insufficient in law, and the counterclaim upon the ground that it does not state facts sufficient to constitute a cause of action, reversed on the law, without costs, and motion granted. Although the counterclaim does not state facts sufficient to show that the children of the widow were under a duty to support her, as provided by section 914 of the Code of Criminal Procedure as it was in force in 1926 when the agreement was made, even if sufficient facts were stated to bring the widow's and the children's status within that section, or even within section 914 of the Code of Criminal Procedure as it now exists, or as provided in section 125 of the Public Welfare Law, or section 101 of the Domestic Relations Court Act of the City of New York, nevertheless, the agreement is against public policy. A parent may not thus relieve children of the statutory duty to support. Furthermore there had been no direction by public authority that the children should support the mother, which might be the basis for the claimed transaction. There are no equities in favor of the mother. At the time of the alleged agreement she was destitute. As a result of it, she has been in pos-

session of the premises, had a living therefrom for herself and infant children and paid taxes, interest, cost of repairs and even made permanent improvements. She has been the gainer, not the loser. Lazansky, P. J., Hagarty, Johnston and Adel, JJ., concur; Davis, J., dissents and votes to affirm. Sufficient consideration is shown in the record and there has been at least partial performance under the agreement. A court of equity has jurisdiction to furnish relief if evidence is adduced on the trial to support the allegations of the defense and counterclaim.